Good morning, Your Honors. May it please the Court, Ina Lipkin on behalf of the petitioners. We're here today to address the Board's denial of the petitioner's motion to reopen based on changed country conditions as it relates to his fear of persecution in India based on his membership in a political party and Sikhism. It would be helpful for me if you could tell me what you think the Board held with respect to the motion to reopen. I know it, of course, denied it. What do you think the order says? I think the order says the judge found him incredible, so we don't have to review anything here. And I think it did that improperly. If they did that, I think that's right. Let me offer an alternative interpretation and see if you can tell me why it's wrong. Could the Board have been saying something like the IJ found him not credible, both on whether or not he had been personally persecuted and also whether it was on a particular ground, and these affidavits, declarations only go to one of those two grounds, not the other one? If the Board was saying that, would that be a proper determination? In a way, I think the Board did say that. I know. That's why I'm asking. That's why I'm asking. I mean, I guess I'm confused by your question because I think it's the same outcome. Well, let's assume for a moment, and I'm not sure this is the case. Let's assume for a moment that these declarations or affidavits show that country conditions have changed, but don't demonstrate that your client would likely be persecuted on a political ground. Now, you think they do, and I understand your position. But if they showed that and the IJ had found that he wasn't credible on the notion that he would likely be persecuted on a political ground, could the Board have said the affidavits may be enough to create a fact issue on one part of the test but not on the other? I agree with that. So why don't they do, why don't the affidavits do that, then? Well, the thing is that they don't just speak to conditions on the ground for everybody. They specifically address the problems that this lead petitioner would have based on his past persecution. It was all related. It's true that he wasn't claiming in his motion to reopen that something brand new necessarily was happening in India. It was to a great deal, to a good degree, related to the problems he had in the past, except now those problems spilled over to his family members as well. And because the affidavits addressed and corroborated his past claim, and also added these new facts, meaning the new interest in the family members and the increased level of harm that they had encountered after he departed India, in that sense it specifically does relate to his personal circumstances and the probability of future persecution. So what do we do with the prior adverse credibility determinations? Well, you know, the judge did make an alternative credibility finding in which he stated that if I were to find him credible, he did establish past persecution rising to the level of six arrests where he was badly treated. But because the government's, you know, Exhibit 7 of country condition information allegedly rebutted a well-founded fear, he denied it. So here you're saying that the BIA had to take his statements as true in the motion to reopen? Well, based on his previous arguments explaining why the adverse credibility finding was faulty, it didn't. Well, that doesn't quite answer Judge Rodea's question. Well, I don't think. Isn't it the practice, though, that our case law says that they have, on a motion to reopen, the BIA has to take the facts as true unless they're inherently unbelievable? Correct. So I think there's two issues. There's the petitioner's credibility, and then there's whatever credibility the board wants to give to the affidavits, right? So there was nothing inherently not credible about the affidavits. Even if they were self-serving, this Court has found that self-serving affidavits do not undermine credibility. And it's the affidavits that support the reopening. And his own affidavit, too. Well, but tell me about his own affidavit. That's where I have some questions. What does his own affidavit say that supports reopening? His affidavit states that, based on information that he has learned from family members still in India, that there is a renewed interest by the police in arresting him and subjecting him to extreme harm. In the absence of the affidavits from the family members, would his be sufficient to get a reopening? I'm not sure it would. In other words, I've heard from people that there's people after me. Right. I think it makes it much stronger that he had an abundance of affidavits. I guess my point is that absent the affidavits from the family members, his might well have been insufficient to support reopening. It would just kind of depend, you know, on, you know, what he would have to say. I think based on the affidavit he submitted, it was very thorough and contained a lot of information that was corroborated by the supporting documents. And that's why it was improper for the board to just discount all the affidavits because they weren't originals. Well, but they also didn't say, they did say they weren't original. Right. But they also said or seemed to indicate that they were vague. And I guess I'm trying to figure out, is that enough for the BIA to have said? Well, I think our argument was that that vagueness finding was unsubstantiated and very general itself. It showed a lack of analysis by the board because each of the affidavits did give good detail, dates, names, places, and descriptions. Well, they also said, I mean, they also, the BIA said, you know, they couldn't state why they thought the police were pursuing them. Well, I think actually both the, I think the petitioner's affidavit clearly stated that the police thought that he had left India and that he, if he returned, they would harm him because he had left apparently without their permission or after they had, you know, been looking for him. And so that their interest in him had increased. I also want to discuss that issue about him living in Rajasthan. Some of the incredibility findings by the immigration judge that were then affirmed by the board originally were related to whether he established a well-founded fear while living in Rajasthan. He claims in hiding. And he stated to the judge that he did not work on his aunt's family farm. His wife said that she thought that he did. But either way, I don't think that even if he worked, it would undermine his claim because he did not necessarily officially work on the farm. He didn't register himself. And so there are. There are seven findings by the IJ supporting the lack of credibility finding. Some of them seem supported by substantial evidence, wouldn't you agree? Again. One or two are attackable, but certainly if we were just reviewing the IJ's lack of credibility findings, adverse credibility findings, we'd have a very difficult time finding that the IJ was wrong, wouldn't we? Well, Your Honor, I think that the Petitioner had given a plausible explanation for certain inconsistencies. For example. Perhaps, but he was there and the IJ didn't believe him. But the IJ failed to properly review each of his plausible explanations. All of them or some of them? Most of them. Well. For example. In 2003, I mean, he was just internally inconsistent. I think his testimony was that he hadn't been beaten. And then David said he had been beaten or it was one way or the other. It was exactly that way. And, Your Honor, he was minimizing the harm that he said he suffered rather than exaggerating it, which the Court has found to be a reason to find him credible. Well, the IJ needs to make that determination in terms of whether or not they believe him. And it's just if he is internally inconsistent, that's going to be a really difficult hurdle. But one or two inconsistencies that are that. The Post-Real ID Act, is it not? Yes, it is. I think unless it's trivial, and I don't know, it seems like this goes really to actually the heart of the claim. So even if it's under Pre-Real ID Act, which we're not, it seems like it would be very difficult. Your Honor, again, in relation to his statement, written statement, that he was a victim, and his testimony saying, no, actually, he was not, and his testimony saying he was not beaten in 2003, even though his declaration said he was, were two instances where he actually minimized the harm, not exaggerated. I might save five seconds for later. Just about out of time. Thank you. Good morning, Your Honors. May it please the Court. My name is Jennifer Singer, and I represent the United States Attorney General, the Respondent in this matter. This case boils down to the Petitioner's lack of credibility. So what really bothers me here is the motion, is the Board's treatment or ruling on the motion to reopen. Okay. Regarding the motion to reopen and give it to the Board. Didn't the Board just engage in a credibility assessment? I don't think so. I think the Board looked at the documents, made an assessment of the documents, and also looked to, I mean, the Board can't ignore what happened previously before it. And looking to that, that, the adverse credibility finding played into. How can it? If you're required to take these documents, these affidavits as true, how can you say they're true, but I don't believe them because I didn't believe him? I don't. That's essentially what I thought the Board said. My reading of the decision is that the Board looked at the affidavits and found them to be vague, and based upon previous findings of the Board, generally speaking, the Board has to take affidavits for what it's worth unless they're inherently unreliable. And here I think it was. And if they're taken for what they're worth, then the question is, are they sufficient to establish change country conditions, correct? Here they weren't. I think the Board had a problem with the reliability of the affidavits. Well, how can you? That's my question. First, let me, before we get to that, what's this stuff about them not being originals? I guess what I have in the record is just photocopies as well. I understand, but I've read the Board's practice and procedure manual, and the manual says don't send us originals. Rule 3.3d4 says don't send us originals. Hold on to them because we might lose them. And now I've got a Board decision that says we don't seem to be we're not treating these with much weight because they're not originals. What's that mean? I guess here because there are issues with credibility and concerns regarding credibility that an original. Did they ask him for the original? I don't know. I mean, the rule says if we ever want the originals, we'll give you notice and we'll tell you we want them. I guess also, though, that on the motion to reopen, it's the alien's burden to establish reopening. And if he knew that he had credibility problems in the past, he should. So he's supposed to know the Board rule says don't send originals, but he's supposed to know I have credibility problems, so I need to send originals. And the Board's then not supposed to tell him, contrary to its rule, that I'd like to see originals? That troubles me. The burden's on the alien, and I think in this case, originals would be expected. I mean, you could see the original steel of a notary, someone's handwritten, penciled signature. Are you familiar with the BAA practice manual? I am, but not – I didn't realize that that was it. Okay. Well, it actually says don't send us originals. If we want originals, we'll let you know. And I'm quoting from Rule 3.3d4. So I have some difficulty to the extent the Board said we're discounting these affidavits because they're not originals. I'm not troubled to the extent the Board said they seem to say the same thing and they're vague. But to the extent the Board discounted them because they weren't originals, wasn't that wrong? If those are what the practice manual says, then I guess it was error. But even if that's error, the other reasons cited by the Board to discount the reliability and the credibility of the affidavits is – Let's talk about that because they're supposed to – you know, we understand that there was a prior adverse credibility determination, but they're supposed to take these new allegations as true unless inherently unbelievable. Is that correct? Do you agree with that? That's correct. That's a general matter. So help me understand, you know, what they did here because it seems like because of the prior adverse credibility determination, I mean, it's further bolstered with this whole, you know, original. They just completely, you know, discounted or didn't fairly evaluate the new affidavits. I mean, as a practical matter, I don't think it's unreasonable for the Board to look at what happened before it, and this is essentially the same claim that the alien was presenting. I mean, you have to argue what's reasonable under the law. And under the law, they're supposed to take these affidavits as true. So take these affidavits as true, and then they go on to say that there were too vague. And I'm having trouble with that as well. I mean, what's vague about what they said in the affidavits? Part of the Petitioner's claim is that the police have a renewed interest in him. And none of the affidavits particularly address what the police said to any of his family members, why they were looking for him. And they're all boilerplate and completely mimic. What's boilerplate? The four affidavits from the friends and family or from the friends, they all basically say the exact same thing, and they discuss one incident. And then the other affidavit, the two affidavits from the daughter and one from the mother discuss the second incident and all basically say the exact same thing. Well, they may not be believable, and it does look like they were all written by the same person because they all have the same language. But is there anything in the – don't you still have to take them as true? They're not – they're not – I think – I thought the law on this was that unless they're unbelievable on their face, and they do make allegations. They talk about the police coming to look for him. They talk about renewed interest in him. He probably loses a hearing, but doesn't he get a hearing? I don't think so, because the new facts that they're alleging stem from the Petitioner's original claim, and that original claim was found unbelievable. And I just don't think it's – as a practical matter, I think the Board should be able to use that in its assessment of documents. We don't believe these affidavits. They're inherently unbelievable because they're all duplicate. They're just a form. They're written by the same person. They all say the same thing. They're just unbelievable. I mean, it would have been – Why didn't they just say that? I don't know. It would have been much better if they had. But even though they didn't say that, that's essentially what they said. That's how we're supposed to read it. Yes, Your Honor. Did you have a question? I guess, did the police – did the affidavits explicitly have to say the police are looking for seeing because of his political involvement? I mean, is that the – it seems like they may have meant, despite the duplicative nature of it, the minimum required. It seems like the BIA probably recognized that, or else they would have said, they're unbelievable. I think there just has to be something more. His claim is that there's a renewed interest in him by the police, and that's why he now fears persecution upon return to India. And that was addressed in one sentence amongst 11 affidavits and not addressed in any detail from people who allegedly have firsthand knowledge of the police coming to their home. And that was just not discussed further. Can you tell me, if this were reopened, what evidence would be before the IJ? I mean, he would just be looking at these declarations, would he not? I mean, probably looking at the direct declarations. I don't know if there would be additional witness testimony or whatnot, but – Unless these people showed up, the IJ would be looking at these declarations and, I suppose, hearing from Mr. Singh. Yes, they would. Exactly. And the IJ has already found him not credible. Exactly. I mean, I – well, one of my difficulties with this case is, well, I think you're required to treat these as true. I'm not sure that we're not just running in a circle here. The IJ has already found this gentleman not to be credible. The affidavits are perhaps sufficient but sketchy. But don't the rules require that somebody find that as a matter of fact rather than as a matter of law? Not when there's hints of unreliability. And here it's basically the same claim. And it's just – at a practical matter, the board should not ignore what happened before it. And when it's essentially the same claim, it should not be ignored that the Petitioner was found to be incredible on a claim and then had issues with documents in the past and then presenting very skeptical documents before the board again on a motion to reopen. Am I right in thinking that there's nothing in this record that suggests that the board said we want to see the originals? The board seemed to have a problem that they weren't originals. No, I understand. But there's no request. The rule says hold on to them in case an immigration board or judge or the board requests them at a later date. I didn't see anything in the record that had a letter or whatnot requesting the Petitioner to send originals. If there's no further questions, I mean, the Petitioner was incredible. He has the burden of establishing why the evidence should warrant a reopening, and he didn't. He was not credible before the IJ and the board in the first round of proceedings. He presented evidence that was very specious, duplicative, and all said the same things. They wasn't reliable. It's the same claim. And the Petitioner did nothing to rehabilitate his credibility. He presented documents that were more cause for concern than any allaying of any fears that the board might have had with regard to his credibility. And for those reasons, there was no – and just – I'd like to reiterate that just as a practical matter, it's not – it's – when someone's been found incredible and essentially presenting the same claim on the motion to reopen, and the board is not technically allowed to make credibility determinations in the first instance. It's just, practically speaking, the board should be able to see what happened before it, and if it's the same claim, should be able to take that into consideration when evaluating the claim again and the documents. But that's the tension, and that's the difficulty here in terms of how do you weigh that adverse – previous adverse credibility determination with the law that says you're supposed to take these new allegations as true. And it just seems like the board could have been clearer here. Don't you agree? The board could have been more clear, but the way their decision was framed and based upon the facts of this case, there was no abuse of discretion in denying the motion to reopen based upon the evidence that was presented before it. Okay. Thank you, Your Honors. Thank you. You used all your time, so we're just going to thank you. Thank you, counsel. We appreciate your arguments. The matter is submitted.
judges: Paez, Murguia, Hurwitz